IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM,

                              Plaintiff,

  v.

HEYRMAN PRINTING, LLC,                         OPINION & ORDER

                              Defendant and                         16-cv-305-jdp
                              Third-Party Plaintiff,

  v.

EVENT USA CORP.,

                              Third-Party Defendant.

---

      Plaintiff Scott Boehm is a sports photographer. He alleges that third-party defendant Event USA Corp. obtained digital copies of some of Boehm's copyrighted photos and directed defendant Heyrman Printing, LLC, to print copies of the photos. Boehm filed suit against Heyrman Printing, accusing it of copyright infringement. Dkt. 1. Heyrman Printing filed a third-party complaint for indemnification against Event USA. Dkt. 10.

      Event USA now moves to dismiss both complaints, contending that Boehm's infringement claims are barred by the applicable statute of limitations. Dkt. 29. Heyrman Printing does not oppose Event USA's motion and agrees that if Boehm's claims are barred, Heyrman Printing's third-party claim for indemnification is moot. Dkt. 36. Because Boehm may have discovered the allegedly infringing activities within three years of filing suit, the court will deny Event USA's motion. Unrelatedly, Heyrman Printing moves to amend its answer to Boehm's complaint. Dkt. 40. The court will grant Heyrman Printing's motion.

ALLEGATIONS OF FACT

The court takes the following facts from Boehm's complaint, Dkt. 1, and Heyrman Printing's third-party complaint, Dkt. 10, and accepts them as true for the purposes of these motions. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Event USA sells sports prints, posters, canvases, and other memorabilia. In 2011, Event USA obtained digital copies of three of Boehm's copyrighted photos from non-party Legends of the Field: a photo of Green Bay Packers' outside linebacker Clay Matthews, a photo of Packers' offensive tackle Derek Sherrod, and a photo of Packers' linebacker A. J. Hawk. "Shortly thereafter," Event USA directed Heyrman Printing to print 240 prints of the Sherrod photo and 194 prints of the Hawk photo. Dkt. 10, ¶ 15.

Boehm never authorized Event USA or Heyrman Printing to copy or use any of his photos. He filed this lawsuit on May 6, 2016.

ANALYSIS

**A. Event USA's motion to dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Event USA contends that Boehm's claims against Heyrman Printing, and therefore Heyrman Printing's claims against Event USA, are barred by the applicable statute of limitations. A claim under the Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Seventh Circuit has long applied the discovery

2

rule of accrual in the copyright context, i.e., the claim accrues only when the injured party discovers, or reasonably should have discovered, the infringement. *See Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004). But the Supreme Court recently called the discovery rule into question, using instead the incident of injury rule, i.e., the claim accrues when the infringement occurs. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 & n.4 (2014). In *Petrella*, the Court acknowledged that the majority of circuits use the discovery rule and noted that the Court has "not passed on the question," but proceeded to analyze the case under the incident of injury rule. *Id.*

The Seventh Circuit acknowledged *Petrella* in *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014), and stated that "in light of *Petrella*, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed." *Id.* at 616. But later in the opinion, the Seventh Circuit noted that it reserved the question of "whether *Petrella* abrogates the discovery rule in copyright cases" at that time. *Id.* at 618.

Event USA argues that *Petrella* requires courts to use the incident of injury rule and that, under this rule, Boehm's claims are time barred. Boehm filed suit on May 6, 2016, so he cannot recover on any infringing acts accruing before May 6, 2013. Although Boehm's complaint does not allege the date of infringement or the date of discovery, Heyrman Printing's third-party complaint alleges that Event USA acquired the photos at issue in September and October 2011 and that Heyrman Printing printed the photos "shortly thereafter." Event USA argues that the only "reasonable inference" to draw from these allegations is that Heyrman Printing printed the photos in 2011. The court need not decide

3

whether dismissing a plaintiff's claims based on the "reasonable inferences" drawn from a defendant's third-party complaint is appropriate because, given that neither *Petrella* nor *Chicago Building* expressly abrogated the discovery rule, the court must follow the Seventh Circuit's binding precedent and apply the discovery rule to copyright infringement claims. *Accord Design Basics LLC v. J & V Roberts Invs., Inc.*, 130 F. Supp. 3d 1266, 1282 (E.D. Wis. 2015); *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 887 (N.D. Ill. 2014). Boehm's complaint does not allege when he discovered the infringement, nor does it need to. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense."). The allegations in Boehm's complaint do not indicate that his claims are barred by the applicable statute of limitations, so the court will deny Event USA's motion to dismiss. This issue will likely resurface at summary judgment, when the court will consider it in light of the evidence.

## B.  Heyrman Printing's motion to amend

Heyrman Printing moves under Rule 15(a)(2) for leave to file an amended answer removing certain affirmative defenses preserved it its original answer. Dkt. 40. According to the scheduling order in this case, the parties had until August 26, 2016, to amend their pleadings "without leave of court." Dkt. 24. Beyond that deadline, under Rule 15(a)(2), the court must "freely give leave [to amend] when justice so requires." *See also E. Nat. Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 999 (7th Cir. 1997) ("[I]n the absence of undue delay, undue prejudice to the party opposing the motion, or futility of the amendment, leave should be freely given."). Because no parties oppose Heyrman Printing's motion and the amendment will not affect other deadlines, the court will grant the motion.

ORDER

IT IS ORDERED that:

1. Third-party defendant Event USA Corp.'s motion to dismiss, Dkt. 29, is DENIED.

2. Defendant Heyrman Printing, LLC's motion to amend pleadings, Dkt. 40, is GRANTED. Defendant should file its proposed amended answer as a separate docket entry.

Entered January 4, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge