IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM,

                        Plaintiff,

   v.

HEYRMAN PRINTING, LLC,

                        Defendant and
                        Third-Party Plaintiff,        OPINION & ORDER

   v.                                                                     16-cv-305-jdp

EVENT USA CORP.,

                        Third-Party Defendant,

   and

ACUITY, A MUTUAL INSURANCE COMPANY,

                        Intervenor Defendant.

---

       Plaintiff Scott Boehm is a sports photographer. He alleges that third-party defendant Event USA Corp. obtained unauthorized digital copies of Boehm's copyrighted photos and directed defendant Heyrman Printing, LLC, to print copies of the photos. Boehm filed suit against Heyrman Printing, accusing it of copyright infringement. Dkt. 1. Heyrman Printing has an insurance policy that covers "advertising injury," so it tendered this case to its insurer, ACUITY, a Mutual Insurance Company. ACUITY now moves for summary judgment that Heyrman Printing's policy does not afford coverage for the allegations in the complaint. Dkt. 41. The court concludes that ACUITY has no duty to defend or indemnify Heyrman Printing, so it will grant summary judgment in ACUITY's favor.

UNDISPUTED FACTS

The following facts are undisputed.

ACUITY issued Heyrman Printing an insurance policy, covering June 1, 2010, to the present. The policy confers coverage for "personal and advertising injury" and the scope of that coverage is circumscribed by definitions in the policy. The initial grant of coverage applies to "personal and advertising injury caused by an offense arising out of your business, but only if the offense was committed in the coverage territory during the policy period." Dkt. 45-11, at 28. The policy defines "personal and advertising injury," in pertinent part, as "injury, including consequential bodily injury, arising out of one or more of the following offenses: . . . . Infringing upon another's copyright, trade dress or slogan in your advertisement." *Id.* at 41. The policy defines "advertisement" as:

> [A] notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
>
> a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>
> b. Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

*Id.* at 39.

The policy also has exclusions applicable to advertising injury. The policy does not cover:

> Personal and advertising injury:

> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury;
>
> . . . .
>
> (12) Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
>
> However, this exclusion does not apply to infringement, in your advertisement, of copyright, trade dress or slogan.

*Id.* at 34-35.

The policy provides additional coverage for "printers' errors and omissions." The policy also has exclusions applicable to printers' errors and omissions. The policy does not cover "[a]ny claim for damages arising out of . . . [t]he infringement of copyright." Dkt. 45-12, at 25.

To put these provisions in plain English, the policy covers advertising injury and printers' errors and omissions, but "advertising injury" and "printers' errors and omissions" do not include claims for copyright infringement generally. Claims of copyright infringement are covered only if the infringement occurs in the insured's advertisement.

Boehm filed suit against Heyrman Printing, alleging that it infringed Boehm's copyright when it printed unlicensed copies of Boehm's copyrighted photos and indirectly infringed when it provided those copies to Event USA, which intended to use them "in commercial products." Dkt. 1, ¶ 32.

## ANALYSIS

To survive ACUITY's motion for summary judgment, Heyrman Printing "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 256 (1986). It may not simply rely on the allegations in the pleadings to create such a dispute, but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [its] favor." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). Heyrman Printing has failed to do so.

The undisputed facts would not allow a rational fact finder to rule against ACUITY: ACUITY does not owe a duty to defend or indemnify Heyrman Printing. The interpretation of an insurance contract is a question of law. *Phillips v. Parmelee*, 2013 WI 105, ¶ 11, 351 Wis. 2d 758, 840 N.W.2d 713. Under Wisconsin law, which governs this analysis, courts determining whether an intervenor has a duty to defend must (1) determine whether the policy makes an initial grant of coverage; (2) consider whether there are exclusions that would preclude coverage of the particular claim at issue; and (3) consider whether the applicable exclusions are subject to exceptions that would afford coverage after all. *Id.* ¶ 13.

Here, the policy does not cover Boehm's claims against Heyrman Printing. Although the policy covers copyright infringement claims, it does so only if the infringement occurs in the insured's advertisement. Heyrman Printing concedes that Boehm does not allege that it infringed his copyright in its advertisement. Instead, Heyrman Printing points to Boehm's allegations of indirect infringement. It contends that Heyrman Printing is vicariously liable for Event USA's infringing advertisements, and so ACUITY has a duty to defend or indemnify Heyrman Printing for this claim of advertising injury.

Heyrman Printing's contention is frivolous, as the court noted when analyzing a similar insurance coverage dispute in a companion case. *See Boehm v. Scheels,* No. 15-cv-379, 2016 WL 4386104, at *4 (W.D. Wis. Aug. 17, 2016). There is no allegation that Heyrman Printing is indirectly liable for any act of infringement that occurred in any advertisement.

Heyrman Printing points to Boehm's allegation that Event USA intended to "market, publish, sell, or otherwise commercially exploit" the infringing copies Heyrman Printing made, Dkt. 1, ¶ 22, and argues that it is reasonable to assume that "otherwise commercially exploit" includes use in advertisement. Although courts, when determining an insurer's duty to defend, "liberally construe the allegations in the complaint and assume all reasonable inferences," *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 2008 WI 87, ¶ 21, 311 Wis.2d 548, 751 N.W.2d 845, Heyrman Printing's assumption is not reasonable. There is no allegation that Event USA followed through with its alleged intention to commercially exploit the photos, and there is no reason to assume that "commercially exploit" means use in an advertisement. But even if Boehm alleged that Heyrman Printing was indirectly liable for Event USA's infringing advertisement, the policy covers only "infringement, in *your* advertisement, of copyright." Dkt. 45-11, at 35 (emphasis added). The policy does not provide coverage for infringements that occur in the advertising of those to whom Heyrman Printing might sell an infringing product.

      ACUITY is entitled to summary judgment that it does not owe a duty to defend or indemnify Heyrman Printing.

ORDER

IT IS ORDERED that intervenor defendant ACUITY's motion for summary judgment, Dkt. 41, is GRANTED.

Entered March 9, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge